UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES SCOTT, an individual | |
|    Plaintiff, | NO. CV-06-104-JLQ |
| vs. | |
| GRANGE INSURANCE ASSOCIATION, a domestic insurer, | ORDER **GRANTING** PLAINTIFF'S MOTION FOR REMAND |
|    Defendant. | |

BEFORE THE COURT is the Plaintiff's Motion For Remand.  (Ct. Rec. 2).
Plaintiff is requesting that this court remand the matter to the Spokane County Superior
court for further proceedings.  **J. Scott Miller** represents the Plaintiff.  **Donald B.
Scaramastra** represents the Defendant.

<u>BACKGROUND</u>

This case was originally filed on May 3, 2005, in Spokane County Superior Court.
In his original state court complaint, the Plaintiff alleged two causes of action: (1)
violations of wage and hourly laws, including the federal Fair Labor Standards Act, 29
U.S.C. § 201, *et seq.*, and Washington's Minimum Wage Act, RCW 49.46.010, *et seq.*,
and (2) breach of contract and wrongful withholding of wages and/or employment
benefits.  The Defendant Grange Insurance Association filed a Notice Of Appearance in
state court on May 12, 2005, and an Answer To Complaint And Affirmative Defenses on
June 8, 2005, again in state court.  On March 26, 2006, in state court, Plaintiff filed a
Motion For Leave To Amend The Pleadings Pursuant To CR 15(b), to initiate a class
action on the same claims as alleged in his original state court Complaint, and attached
thereto was a proposed amended Class Action Complaint.  Defendant received a copy of

ORDER - 1

the proposed amended Complaint on March 27, 2006, although the Defendant has not yet been formally served.  From the record it appears that the Spokane County Superior Court has not acted on the Plaintiff's Motion For Leave To Amend The Pleading Pursuant To CR 15(b).  On April 12, 2006, Defendant filed a Notice Of Removal Of Action Under 28 U.S.C. § 1441(b) (Federal Question) in this court.  Plaintiff filed a Motion For Remand on May 12, 2006.  On May 26, 2006, Defendant filed Defendant's Memorandum In Opposition To Plaintiff's Motion For Remand.  Plaintiff filed a reply on June 5, 2006.

The Defendant appears to be claiming two bases for removal to this court.   First, Defendant argues that this court has original jurisdiction under 28 U.S.C. § 1331 because the Plaintiff brings a cause of action under the federal Fair Labor Standards Act, 29 U.S.C. § 216, and is removable pursuant to 28 U.S.C. § 1441(b).  Second, Defendant argues that as a class action, 28 U.S.C. § 1332(d)(2) is a separate basis for original jurisdiction, and is removable pursuant to 28 U.S.C. § 1453(b).  The Defendant claims this court would then have supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

In his Motion For Remand (Ct. Rec. 2), the Plaintiff challenges the Defendant's removal on two grounds.  First, Plaintiff argues that Defendant's removal is untimely pursuant to 28 U.S.C. § 1446(b) because Plaintiff's initial pleading, filed almost a year before Defendant's removal, contained a cause of action under the federal Fair Labor Standards Act.  Second, Plaintiff argues that removal based on 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b) is premature because the state court has not acted on Plaintiff's motion seeking to file an amended Class Action Complaint.

## JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Thus, removal depends on whether the plaintiff could have filed the case in federal court

ORDER - 2

originally.  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *City of Chicago*, 522 U.S. at 163.  There is a "strong presumption" against removal jurisdiction and therefore courts construe removal statutes restrictively.  *See, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").  The party invoking removal bears the burden of establishing that removal is proper and must show that all substantive and procedural requirements have been met.  *Id.* at 566-67.

The procedure for removal is set forth by 28 U.S.C. § 1446.  Pursuant to the first paragraph of 28 U.S.C. § 1446(b), an action must be removed within 30 days of a defendant's receipt of the initial pleading setting forth a removable claim, otherwise, the served defendant waives his right of removal.  *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).  Moreover, the mere addition of defendants to the initial pleading, or changes in the complaint which create a "new" basis for removal, generally do not "undo the waiver."  *See Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (stating that "[i]f the case is removable from the outset, it must be removed within the thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" (citation omitted)).  Once waived, the right to removal is generally waived forever, regardless of the changes to the case.  *Dunn v. Gaiam*, 166 F. Supp. 2d 1273, 1278-79 (C.D. Cal. 2001).  In this case, the Plaintiff's initial pleading, filed in state court on  May 3, 2005, alleges violations of the federal Fair Labor Standards Act.  The Defendant concedes, in Defendant's Memorandum In Opposition To Plaintiff's Motion For Remand, that the action was removable on its face when originally filed.  Thus, because the action was removable when it was first filed, the thirty-day period began with service of the initial Complaint and has closed.

The second paragraph of 28 U.S.C. 1446(b), provides that if the claim was not removable at the time of the initial pleading, an action must be removed within 30 days of

the defendant first ascertaining, based on an amended pleading or other papers, that the case is or has become removable.  Because this action was initially removable, however, the ability to use the amended pleading as a basis for removal based on the second paragraph of 28 U.S.C. § 1446(b) does not apply.  *See Richey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998) (stating that "[t]he second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action").

The issue is therefore whether the court should apply the "revival exception," a judicially-created exception to the thirty-day requirement of paragraph one of section 1446(b), because the Plaintiff is seeking to file an amended Class Action Complaint, as argued by the Defendant.  The "revival exception" was originally recognized in *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956) (holding that "though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed") and *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962 (7th Cir. 1982) and applied in *Johnson v. Heublein*, 227 F.3d 236 (5th Cir. 2000).

In *Wilson*, plaintiff's amended complaint supplemented his original equal protection claim with a "scattershot of new federal claims" and, for the first time, quantified his damages.  *Id.* at 964.  The court described how the right to removal may be "revived," allowing a defendant to remove an action after the thirty-day bar, "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun that day.'" *Id.* at 965 (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)).  The exception is not "self-defining" and must therefore be applied on a case-by-case basis with reference to its purpose, the purpose of the thirty-day limitation, and the proper allocation of decision-making responsibilities between state and federal courts.  *Id.* at 965.  The court recognized that the thirty-day limitation serves two purposes: (1) it deprives a defendant of an undeserved tactical advantage of testing the waters of state court before removing, and (2) it prevents delay

and waste of resources involved in starting a case over in a second court after significant proceedings have occurred in the first. *Id.* Upon consideration, the court concluded that the new federal claims did not meet the revival standard because they did not create a substantially new suit. *Id.* at 966-67. Instead, the changes in the complaint only further showed that the treatment of which the plaintiff previously complained was unlawful. *Id.* Therefore, although generally credited with coining "the right of revival," the court found that it did not apply based on the facts in the case.

*Johnson v. Heublein*, 227 F.3d 236 (5th Cir. 2000) appears be the only case where a court has relied upon the "revival exception." In *Johnson*, the original complaint was filed against five defendants. The Plaintiffs amended the complaint to realign the parties, changing two of the defendants to plaintiffs. Then one of the new plaintiffs added claims for breach of contract, bad faith breach of contract, unjust enrichment, and fraud to the original conversion claim. *Id.* at 238-40. The court determined that after the changes, the amended complaint no longer resembled the allegations in the original complaint. *Id.* at 242.

Although the "revival exception" has been used sparingly in other circuits, there does not appear to be a reported case of its application in the Ninth Circuit. *See Sumara*, 715 F. Supp. at 972; *Dunn*, 166 F. Supp. 2d at 1279. In *Dunn*, a 2001 case from the Central District of California, the court considered whether the right to removal, once waived, could be "revived" when the plaintiffs file an amended complaint containing an additional claim which is also within the original jurisdiction of the district court. The plaintiff's amended complaint added five new defendants and fifteen new causes of action, including a federal RICO claim. *Id.* at 1276. The court noted the strong presumption against removal and questioned the wisdom of using the exception at all. *Id.* The court determined that while "the defendants may have been understandably surprised to see that a RICO claim was added," the amended complaint neither changed the scope of liability nor the alignment of the parties substantially enough to merit the application of the exception. *Id.* at 1279-80.

Based on the foregoing, there appear to be two instances where the application of the "revival exception" is warranted: (1) when a plaintiff attempts to mislead a defendant about the true nature of its claim by including a less consequential federal claim unlikely to be removed, and later, after the thirty-day widow has expired, amends the complaint to include a substantive federal claim, and (2) when the effect of the change is to substantially constitute a new suit. *Johnson v. Heublein, Inc.*, 227 F.3d 236, 242 (5th Cir. 2000); *Wilson*, 668 F.2d at 965-66; *Samura*, 715 F. Supp. at 972.

However, removal based upon a class action under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b), which Defendant argues has "revived" its right to removal, is premature. As the Defendant argues, section 1332(d), which provides this court with original jurisdiction over certain class action lawsuits, defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action," 28 U.S.C. § 1332(d)(1)(B), meaning that filing rather than certification is the benchmark permitting removal under 28 U.S.C. § 1453(b). While that may be the case, as the matter appears to stand presently in state court, Plaintiff has filed a Motion For Leave To Amend The Pleadings Pursuant To CR 15(b) with a proposed amended Class Action Complaint attached. The Superior Court has not acted on the motion. As such, the Plaintiff's proposed amended Class Action Complaint has not been filed. It is therefore not necessary for this court to determine if removal would have been proper if the proposed amended Class Action Complaint had been filed and whether it created a substantially new and different lawsuit, which the court doubts.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion For Remand is **GRANTED.** (Ct. Rec. 2).

2. The matter is remanded to the Spokane County Superior Court pursuant to 28 U.S.C. § 1447(c).

3. The Clerk of this Court shall mail a certified copy of this Order to the clerk of the Spokane County Superior Court of Washington. The State court may

thereupon proceed with the case under it cause No. 05-02-02134-3.

**IT IS SO ORDERED.** The Clerk is hereby directed to enter the Order, forward copies to counsel, furnish a copy to the clerk of the Spokane County Superior Court, referencing its case NO. 05-02-02134-3, and close the file.

**DATED** this 8th day of June 2006.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7